[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 21, 1997, the plaintiff filed an Application for Tax Assessment Relief against the City of Bridgeport with a return day of May 27, 1997. The plaintiff claimed that the assessed value of personal property it owned on October 1, 1995, at its office at 1566 Park Avenue in Bridgeport was incorrect, manifestly excessive and baseless and could not have been arrived at without disregarding the statutes for determining the CT Page 12797 valuation of such property. The complaint was unclear as to whether it was brought under Connecticut General Statutes § 12-117 or § 12-119.
The defendant's brief treats it as both and claims that whatever it is, it should be denied. The plaintiff's brief on page 3 acknowledges that the Board of Assessment Appeals has not acted on this matter and that, therefore, this appeal of necessity must be under § 12-119, and the court treats it as such.
At the close of evidence in this case, the plaintiff requested to orally amend the complaint to add the assessment years October 1, 1993 and October 1, 1994, and upon objection, the court sustained the objection to the requested amendment.
Section 12-119 of the General Statutes provides a remedy when one of two situations occurs: (1) when a tax has been levied on property not taxable in the town; or (2) a tax is levied on property that is manifestly excessive and could not have been arrived at without disregarding the provisions of the statutes for determining the valuation of such property. It is the latter relief that was requested in this case, and there was no claim in the complaint that any of the personal property was not located in Bridgeport. However, at trial the plaintiff offered no evidence to contest the valuation of the property or any evidence at all on valuation, let alone that it was manifestly excessive. Instead, the plaintiff claimed that not all of the property on the list was actually located in Bridgeport. It claimed that various items on the list submitted by its accountant either existed at a home office in Stratford, Connecticut, or another home office in Puerto Rico. The plaintiff offered no proof that it paid any personal property tax in Stratford.
There was no objection to the evidence on the basis that it had no relevance to the claims set forth in the complaint. There also was no request to amend the complaint to conform to the evidence. Simply put, no evidence was offered to prove the complaint as it is on file, and judgment shall enter for the defendant because of a lack of proof.
To the extent that some higher authority should conclude that the court should somehow make the complaint something that it is not, the court will opine on the issue of the property's location. After several requests by the City to the plaintiff to CT Page 12798 provide it information concerning personal property located in the City of Bridgeport, most of which were ignored, the plaintiff's accountant supplied a spread sheet of personal property upon which the City came up with its assessment of $36,293. That list did not indicate that the property was located other than in Bridgeport. Now the plaintiff's president has testified that some of it was located in either Bridgeport, Stratford or Puerto Rico. As of the date of October 1, 1995, the court, based on the testimony offered by Mr. Parnoff, is not able to conclude what items were where as of that date.
To confuse matters further, at the conclusion of his testimony, Mr. Parnoff stated he did not think the plaintiff actually owned any of the personal property because of the fact he believes he put all of that property into an educational trust for his children. On this confused state of facts, the court concludes that the plaintiff has not met its burden of proof and judgment will enter for the defendant sustaining its valuation of the property of $36,295.
GORMLEY, J.